UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CB1 CAPITAL ADVISORS LLC,

                            Plaintiff,

                                                    25-cv-4767 (PKC)

            -against-                               ORDER


4FRONT VENTURES CORP.,

                            Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

            The limited subject matter jurisdiction of a district court is best addressed at the

outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

            The Complaint claims subject matter jurisdiction exists based solely upon

diversity of citizenship, 28 U.S.C. § 1332.  "It is firmly established that diversity of citizenship

should be distinctly and positively averred in the pleadings, or should appear with equal

distinctness in other parts of the record."  Leveraged Leasing Admin. Corp. v. PacifiCorp Cap.,

Inc., 87 F.3d 44, 47 (2d Cir. 1996).  "It is axiomatic that diversity jurisdiction is available only

when all adverse parties to a litigation are completely diverse in their citizenships."  Washington

Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020) (quotation marks omitted).

            Where a complaint premised upon diversity of citizenship names a limited

liability company as a party, it must allege the citizenship of natural persons who are members of

the limited liability company as well as the place of incorporation and principal place of business

of any corporate entities that are members of the limited liability company.  See Platinum-

Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir.

2019).  Where a complaint premised upon diversity of citizenship names a natural person as a party, it must allege the citizenship of the natural person as determined by his domicile.  <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000).

  The Complaint alleges that plaintiff CB1 Capital Advisors is a Delaware limited liability company with its principal place of business in New York.  (ECF 1 ¶ 3.)  It also states that "[t]he three members of CB1 Capital Advisors are residents of the State of New York" and that "the members of CB1 are citizens of the United States . . . ."  (<u>Id.</u> ¶¶ 4-5.)  Defendant 4Front Ventures is alleged to be a Canadian corporation organized under the laws of Canada and with its principal place of business in Arizona.  (<u>Id.</u> ¶ 4.)

  For the purposes of alleging diversity jurisdiction, "residence alone is insufficient to establish domicile for jurisdictional purposes."  <u>Van Buskirk v. United Grp. of Companies, Inc.</u>, 935 F.3d 49, 54 (2d Cir. 2019).  "'An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"  <u>Id.</u> at 53 (brackets and ellipsis in original; quoting <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000)); <u>see also</u> <u>Avant Cap. Partners, LLC v. W108 Dev. LLC</u>, 387 F. Supp. 3d 320, 321 (S.D.N.Y. 2016) ("Residences matter only if they assist in establishing domicile and citizenship.") (Stanton, J.).  The Complaint does not allege the domicile of plaintiff's three members.

  In order to evaluate whether complete diversity exists in this action, plaintiff must plead the <u>citizenship</u> of its members.  If a member is an individual, plaintiff must plead the individual's state of <u>domicile</u>; if a member is a corporation, plaintiff must plead the corporation's state of incorporation and principal place of business.

Within forty-five (45) days of this Order, plaintiff shall amend its Complaint to correct the jurisdictional deficiencies by truthfully and accurately alleging the citizenships of its members.  If, by this date, plaintiff fails to allege complete diversity of citizenship, the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        June 9, 2025